# Supreme Court of Florida

_____

No. SC15-368

_____

**IN RE: STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
REPORT NO. 2015-01.**

[September 24, 2015]

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal

Cases (Committee) has submitted a report proposing amendments to ten existing

standard criminal jury instructions and the addition of one new instruction. We

have jurisdiction. See art. V, § 2(a), Fla. Const.

The Committee proposes amending existing instructions 20.3 – Welfare

Fraud – Failure to Disclose a Material Fact; 20.4 – Welfare Fraud – Aiding or

Abetting; 20.5 – Welfare Fraud – Change in Circumstances; 20.6 – Welfare

Fraud – [Food Assistance Identification Card] [Authorization] [Certificate of

Eligibility for Medical Services] [Medicaid Identification Card]; 20.7 – Welfare

Fraud – Administrator Misappropriating; 20.8 – Welfare Fraud – Administrator

Failure to Disclose; 20.9 – Welfare Fraud – Receiving Unauthorized Payments;

20.10 – Welfare Fraud – Filing Without Crediting; 20.11 – Welfare Fraud – Billing in Excess; and 20.12 – Welfare Fraud – Filing for Services Not Rendered.[1] The Committee also proposes adding new instruction 22.16 – [Setting up] [Promoting] [Playing at] a Game of Chance for Money, Thing of Value, or Under the Pretext of a Sale, Gift, or Delivery.

Before filing its report with the Court, the Committee published its proposals for comment. Two comments were received by the Committee. Both comments asserted that language in instructions 20.3-20.10 and instruction 20.12 stating that repayment of public assistance wrongfully obtained is not a defense under section 414.39(7), Florida Statutes (2014), may mislead jurors into believing that repayment is not relevant to any issue presented at trial, particularly the issue of whether the defendant acted with the requisite intent. The commenters suggested adding language to instructions 20.3-20.10 and instruction 20.12 to clarify that a jury may consider repayment in determining whether a defendant acted knowingly or by mistake or accident. The Committee disagreed and declined to amend the instructions as suggested by the commenters.

---

1. The Committee's report initially included proposals to add new instructions 1.5 and 11.6(a), and to amend existing instructions 7.8, 7.8(a), and 11.1-11.6. Those instructions were severed from the instant case and are being considered by the Court in In re: Standard Jury Instructions in Criminal Cases— Instructions 1.5, 7.8, 7.8(a), and 11.1-11.6(a), Case No. SC15-470.

Having considered the Committee's report and the comments received by the Committee, we authorize for publication and use amended instructions 20.3-20.12 and new instruction 22.16 as proposed by the Committee. We note, however, that a special instruction may be warranted in cases in which repayment of public assistance wrongfully obtained is relevant to the issue of whether the defendant acted with the requisite intent.

The instructions, as set forth in the appendix to this opinion, are authorized for publication and use.[2] In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. New language is indicated by underlining and deleted language is indicated by struck-through type.

---

2. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org /jury_instructions/instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

The instructions as set forth in the appendix shall be effective when this opinion

becomes final.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge Jerri Lynn Collins, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Sanford, Florida; and Bart Neil Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

for Petitioner

## Appendix

## 20.3 WELFARE FRAUD — FAILURE TO DISCLOSE
## A MATERIAL FACT
§ 414.39(1)(a), Fla._Stat.

To prove the crime of Welfare Fraud — Failure to Disclose a Material Fact, the State must prove the following ~~three~~ two elements beyond a reasonable doubt:

1.  (Defendant) **knowingly failed to disclose a material fact by false statement, misrepresentation, impersonation, or other fraudulent means.**

2.  **The fact was [used] [to be used] to determine** (defendant's) **qualifications to receive ~~aid or benefits~~ public assistance from any state or federally funded public assistance program.**

    3. ~~The aid or benefits came from a state or federally funded assistance program.~~

*§ 414.39(5), Fla. Stat.*
**If you find** (Defendant) **guilty of Welfare Fraud, you must also determine if the State proved beyond a reasonable doubt whether the value of the public assistance wrongfully [received] [retained] [misappropriated] [sought] [used] was:**

a.  **less than an aggregate value of $200 in any 12 consecutive months.**

b.  **an aggregate value of $200 or more, but less than $20,000 in any 12 consecutive months.**

c.  **an aggregate value of $20,000 or more, but less than $100,000 in any 12 consecutive months.**

d.  **$100,000 or more in any 12 consecutive months.**

*§ 414.39(5)(e), Fla. Stat.*
**The value of a food assistance authorization benefit is the cash or exchange value unlawfully obtained by the fraudulent act.**

*Definitions. Give as applicable.*
**"Fraudulent" means the intent or purpose of suppressing the truth or perpetrating a deception.**

*§ 414.39(5)(f), Fla. Stat.*
**"Fraud" includes the introduction of fraudulent records into a computer system, the unauthorized use of computer facilities, the intentional or deliberate alteration or destruction of computerized information or files, and the stealing of financial instruments, data, and other assets.**

**"Aid or abet" means help, assist, or facilitate.**

~~**An "attempt" to commit a crime is the formation of an intent to commit that crime and the doing of some act toward the commission of the crime other than mere preparation to commit the crime.**~~

**"Knowingly" means with actual knowledge and understanding of the facts or the truth.**

*Optional Definition*
**"Knowingly" means an act done voluntarily and intentionally and not because of mistake or accident or other innocent reason.** (Devitt & Blackmar — Federal Jury Practice and Instructions, Sec. 16.07)

~~*Defense.*~~ *Give if applicable. § 414.39(7), Fla. Stat.*
**It is not a defense that the defendant repaid the assistance or services obtained.**

*Inferences. Give as applicable.*
~~*Optional (if appropriate) Proof*~~ *§ 414.39(8)(a), Fla. Stat.*
~~**A paid warrant made to the order of the defendant is sufficient to establish that the defendant received assistance, though this fact may be disproved by competent evidence.**~~ **You may conclude that** (defendant) **did receive public assistance from the state if you find that there was a paid state warrant made to the order of the defendant.**

*§ 414.39(8)(b), Fla. Stat.*
**You may conclude that an identified recipient received public assistance from the state if you find that a transaction history generated by a Personal**

**Identification Number (PIN) established a purchase or withdrawal by electronic benefit transfer.**

## Lesser Included Offenses

No lesser included offenses have been identified for this offense.

## Comment

This instruction was adopted in 1981 and amended in 2015.

# 20.4 WELFARE FRAUD — AIDING OR ABETTING
§ 414.39(1)(c), Fla._Stat.

**To prove the crime of Welfare Fraud — Aiding or Abetting, the State must prove the following** ~~three~~ **elements beyond a reasonable doubt:**

*Give 1a and/or 1b as applicable.*
1.    (Defendant) **knowingly aided or abetted another person in failing to disclose:**

*~~Give a or b as applicable.~~*
    a.  ~~[~~**a change in circumstances in order to obtain or continue to receive** ~~aid or benefits~~ **state or federally funded public assistance to which** ~~[he] [she] is~~ **[the other person was not entitled] [or in an amount larger than the other person was entitled].**~~]~~

    b.  ~~[~~**a material fact, by false statement, misrepresentation, impersonation, or other fraudulent means, and the fact was [used] [to be used] to determine the person's qualifications to receive** ~~aid or benefits~~ **state or federally funded public assistance]**.

2.    ~~The other person received benefits to which [he] [she] was not entitled.~~

3.    ~~The aid or benefits came from a state or federally funded assistance program.~~

*§ 414.39(5), Fla. Stat.*
**If you find** (Defendant) **guilty of Welfare Fraud, you must also determine if the State proved beyond a reasonable doubt whether the value of the public assistance wrongfully [received] [retained] [misappropriated] [sought] [used] was:**

    a.    **less than an aggregate value of $200 in any 12 consecutive months.**

    b.    **an aggregate value of $200 or more, but less than $20,000 in any 12 consecutive months.**

    c.    **an aggregate value of $20,000 or more, but less than $100,000 in any 12 consecutive months.**

**d.** **$100,000 or more in any 12 consecutive months.**

*§ 414.39(5)(e), Fla. Stat.*
**The value of a food assistance authorization benefit is the cash or exchange value unlawfully obtained by the fraudulent act.**

*Definitions. Give as applicable.*
**"Fraudulent" means the intent or purpose of suppressing the truth or perpetrating a deception.**

*§ 414.39(5)(f), Fla. Stat.*
**"Fraud" includes the introduction of fraudulent records into a computer system, the unauthorized use of computer facilities, the intentional or deliberate alteration or destruction of computerized information or files, and the stealing of financial instruments, data, and other assets.**

**"Aid or abet" means help, assist, or facilitate.**

~~**An "attempt" to commit a crime is the formation of an intent to commit that crime and the doing of some act toward the commission of the crime other than mere preparation to commit the crime.**~~

**"Knowingly" means with actual knowledge and understanding of the facts or the truth.**

*Optional Definition*
**"Knowingly" means an act done voluntarily and intentionally and not because of mistake or accident or other innocent reason.** (Devitt & Blackmar — Federal Jury Practice and Instructions, Sec. 16.07)

*~~Defense.~~ Give if applicable. § 414.39(7), Fla. Stat.*
**It is not a defense that the defendant repaid the assistance or services obtained.**

*Inferences. Give as applicable.*
*~~Optional (if appropriate) Proof~~ § 414.39(8)(a), Fla. Stat.*
~~**A paid warrant made to the order of the defendant is sufficient to establish that the defendant received assistance, though this fact may be disproved by competent evidence.**~~ **You may conclude that** (defendant) **did**

**receive public assistance from the state if you find that there was a paid state warrant made to the order of the defendant.**

*§ 414.39(8)(b), Fla. Stat.*
**You may conclude that an identified recipient received public assistance from the state if you find that a transaction history generated by a Personal Identification Number (PIN) established a purchase or withdrawal by electronic benefit transfer.**

## Lesser Included Offenses

No lesser included offenses have been identified for this offense.

## Comment

This instruction was adopted in 1981 and amended in 2015.

## 20.5 WELFARE FRAUD — CHANGE IN CIRCUMSTANCES
§ 414.39(1)(b), Fla._Stat.

**To prove the crime of Welfare Fraud — Change in Circumstances, the State must prove the following ~~two~~ elements beyond a reasonable doubt:**

1. (Defendant) **knowingly failed to disclose a change in circumstances in order to obtain or continue to receive ~~aid or benefits~~ state or federally funded public assistance to which [he] [she] was not entitled [or in an amount larger than [he] [she] was entitled].**

2. ~~The aid or benefits came from a state or federally funded assistance program.~~

*§ 414.39(5), Fla. Stat.*
**If you find** (Defendant) **guilty of Welfare Fraud, you must also determine if the State proved beyond a reasonable doubt whether the value of the public assistance wrongfully [received] [retained] [misappropriated] [sought] [used] was:**

a. **less than an aggregate value of $200 in any 12 consecutive months.**

b. **an aggregate value of $200 or more, but less than $20,000 in any 12 consecutive months.**

c. **an aggregate value of $20,000 or more, but less than $100,000 in any 12 consecutive months.**

d. **$100,000 or more in any 12 consecutive months.**

*§ 414.39(5)(e), Fla. Stat.*
**The value of a food assistance authorization benefit is the cash or exchange value unlawfully obtained by the fraudulent act.**

*Definition.*
~~**"Fraudulent" means the intent or purpose of suppressing the truth or perpetrating a deception.**~~

~~**"Aid or abet" means help, assist, or facilitate.**~~

- 11 -

An "attempt" to commit a crime is the formation of an intent to commit that crime and the doing of some act toward the commission of the crime other than mere preparation to commit the crime.

"Knowingly" means with actual knowledge and understanding of the facts or the truth.

*Optional Definition*
"Knowingly" means an act done voluntarily and intentionally and not because of mistake or accident or other innocent reason. (Devitt & Blackmar Federal Jury Practice and Instructions, Sec. 16.07)

*Defense. Give if applicable. § 414.39(7), Fla. Stat.*
It is not a defense that the defendant repaid the assistance or services obtained.

*Inferences. Give as applicable.*
*Optional (if appropriate) Proof § 414.39(8)(a), Fla. Stat.*
A paid warrant made to the order of the defendant is sufficient to establish that the defendant received assistance, though this fact may be disproved by competent evidence. You may conclude that (defendant) did receive public assistance from the state if you find that there was a paid state warrant made to the order of the defendant.

*§ 414.39(8)(b), Fla. Stat.*
You may conclude that an identified recipient received public assistance from the state if you find that a transaction history generated by a Personal Identification Number (PIN) established a purchase or withdrawal by electronic benefit transfer.

## Lesser Included Offenses

No lesser included offenses have been identified for this offense.

## Comment

This instruction was adopted in 1981 and amended in 2015.

**20.6 WELFARE FRAUD — ~~FOOD STAMPS, MEDICAL SERVICES~~ [FOOD ASSISTANCE IDENTIFICATION CARD] [AUTHORIZATION] [CERTIFICATE OF ELIGIBILITY FOR MEDICAL SERVICES] [MEDICAID IDENTIFICATION CARD]**
§ 414.39(2), Fla._Stat.

**To prove the crime of Welfare Fraud — ~~Food Stamps, Medical Services~~ [Food Assistance Identification Card] [Authorization] [Certificate of Eligibility for Medical Services] [Medicaid Identification Card], the State must prove the following two elements beyond a reasonable doubt:**

*Give 1a, 1b, and/or 1c as applicable.*
**1.     The defendant knowingly:**

*Give a, b, or c as applicable.*
    **a.** {**used, transferred, acquired, trafficked, altered, forged or possessed**}

    **b.** {**attempted to use, transfer, acquire, traffic, alter, for~~e~~ge, or possess**}

    **c.** {**aided and abetted another person ~~to~~ in the use, transfer, ~~acquire~~ acquisition, traffic, alter~~ation~~, forg~~e~~ry or possess~~ion of~~**}

    **A [a food ~~stamp,~~ assistance identification card]~~,~~ [an authorization for the expenditure of food ~~stamps~~ assistance benefits]~~,~~ [a certificate of eligibility for medical services]~~, or~~ [a Medicaid identification card].**

**2.     The use, transfer, acquisition, traffic, alteration, forgery, or possession was not authorized by law.**

**The law requires** *(insert the appropriate law pertaining to the relevant item).*

*§ 414.39(5), Fla. Stat.*
**If you find** (Defendant) **guilty of Welfare Fraud, you must also determine if the State proved beyond a reasonable doubt whether the value of the public assistance or identification wrongfully [received] [retained] [misappropriated] [sought] [used] was:**

**a.** **less than an aggregate value of $200 in any 12 consecutive months.**

**b.** **an aggregate value of $200 or more, but less than $20,000 in any 12 consecutive months.**

**c.** **an aggregate value of $20,000 or more, but less than $100,000 in any 12 consecutive months.**

**d.** **$100,000 or more in any 12 consecutive months.**

*§ 414.39(5)(e), Fla. Stat.*
**The value of a food assistance authorization benefit is the cash or exchange value unlawfully obtained by the fraudulent act.**

*Definitions. Give as applicable.*
**"Aid or abet" means help, assist, or facilitate.**

**"Traffic" means trade, sell, or exchange.**

**An "attempt" to commit a crime is the formation of an intent to commit that crime and the doing of some act toward the commission of the crime other than mere preparation to commit the crime.**

**"Knowingly" means with actual knowledge and understanding of the facts or the truth.**

*Optional Definition*
**"Knowingly" means an act done voluntarily and intentionally and not because of mistake or accident or other innocent reason.** (Devitt & Blackmar – Federal Jury Practice and Instructions, Sec. 16.07)

~~*Defense.*~~ *Give if applicable. § 414.39(7), Fla. Stat.*
**It is not a defense that the defendant repaid the assistance or services obtained [or returned the authorization or identification wrongfully obtained].**

*Inferences. Give as applicable.*
~~*Optional (if appropriate) Proof § 414.39(8)(a), Fla. Stat.*~~
~~**A paid warrant made to the order of the defendant is sufficient to establish that the defendant received assistance, though this fact may be**~~

**~~disproved by competent evidence.~~ You may conclude that** (defendant) **did receive public assistance from the state if you find that there was a paid state warrant made to the order of the defendant.**

*§ 414.39(8)(b), Fla. Stat.*
**You may conclude that an identified recipient received public assistance from the state if you find that a transaction history generated by a Personal Identification Number (PIN) established a purchase or withdrawal by electronic benefit transfer.**

## Lesser Included Offenses

No lesser included offenses have been identified for this offense.

## Comment

This instruction was adopted in 1981 and amended in 2015.

## 20.7 WELFARE FRAUD — ADMINISTRATOR ~~AIDING~~ MISAPPROPRIATING
§§ 414.39(3)(a) and (3)(b), Fla._Stat.

**To prove the crime of Welfare Fraud — Administrator ~~Aiding~~ Misappropriating, the State must prove the following [two] [three] elements beyond a reasonable doubt:**

*§ 414.39(3)(a), Fla. Stat.*
1.      (Defendant) **had duties [in the administration of a state or federally funded assistance program] [in the distribution of state or federally funded public assistance] [or] [in the authorizations or identifications of those to obtain public assistance under a state or federally funded public assistance program].**

2.      ~~[He] [She]~~ (Defendant), **by virtue of [his] [her] position, [had been entrusted with] [gained possession of]**~~, by virtue of his position, of funds, a food stamp,~~ **[food assistance] [an authorization for food assistance]**~~stamps, a food stamp identification card,~~ **[a certificate of eligibility for prescribed medicine]**~~,~~ **[a Medicaid identification card]**~~,~~ **[or] [public assistance from any** ~~other~~ **state or federally funded program].**

3.      ~~[He] [She]~~ (Defendant) **[fraudulently misappropriated]**~~,~~ **[attempted to misappropriate] [or] [aided and abetted another in the misappropriation of]** ~~funds, a food stamp,~~ **[food assistance] [an authorization for food assistance]**~~stamps, a food stamp identification card,~~ **[a certificate of eligibility for prescribed medicine]**~~,~~ **[a Medicaid identification card]**~~,~~ **[or] [public assistance from any** ~~other~~ **state or federally funded program].**

*§ 414.39(3)(b), Fla. Stat.*
1.      (Defendant) **had duties [in the administration of a state or federally funded assistance program] [in the distribution of state or federally funded public assistance] [or] [in the authorizations or identifications of those to obtain public assistance under a state or federally funded public assistance program].**

2.  (Defendant) **knowingly [misappropriated] [attempted to misappropriate] [aided or abetted another in the**

**misappropriation of] [funds given in exchange for food assistance program benefits] [any form of food assistance benefits authorization].**

*§ 414.39(5), Fla. Stat.*
**If you find** (Defendant) **guilty of Welfare Fraud, you must also determine if the State proved beyond a reasonable doubt whether the value of the public assistance or identification wrongfully [received] [retained] [misappropriated] [sought] [used] was:**

    **a.    less than an aggregate value of $200 in any 12 consecutive months.**

    **b.    an aggregate value of $200 or more, but less than $20,000 in any 12 consecutive months.**

    **c.    an aggregate value of $20,000 or more, but less than $100,000 in any 12 consecutive months.**

    **d.    $100,000 or more in any 12 consecutive months.**

*§ 414.39(5)(e), Fla. Stat.*
**The value of a food assistance authorization benefit is the cash or exchange value unlawfully obtained by the fraudulent act.**

*Definitions. Give as applicable.*
**"Fraudulently" means purposely or intentionally suppressing the truth and/or perpetrating a deception.**

*§ 414.39(5)(f), Fla. Stat.*
**"Fraud" includes the introduction of fraudulent records into a computer system, the unauthorized use of computer facilities, the intentional or deliberate alteration or destruction of computerized information or files, and the stealing of financial instruments, data, and other assets.**

    An **"attempt"** to commit a crime is the formation of an intent to commit that crime and the doing of some act toward the commission of the crime other than mere preparation to commit the crime.

    **"Aid or abet" means help, assist or facilitate.**

**"Knowingly" means with actual knowledge and understanding of the facts or the truth.**

*Optional Definition*
**"Knowingly" means an act done voluntarily and intentionally and not because of mistake or accident or other innocent reason.** (Devitt & Blackmar Federal Jury Practice and Instructions, Sec. 16.07)

~~*Defense.*~~ *Give if applicable. § 414.39(7), Fla. Stat.*
**It is not a defense that the defendant repaid the assistance or services obtained [or returned the authorization or identification wrongfully obtained].**

*Inferences. Give as applicable.*
*§ 414.39(8)(a), Fla. Stat.*
**You may conclude that** (defendant) **did receive public assistance from the state if you find that there was a paid state warrant made to the order of the defendant.**

*§ 414.39(8)(b), Fla. Stat.*
**You may conclude that an identified recipient received public assistance from the state if you find that a transaction history generated by a Personal Identification Number (PIN) established a purchase or withdrawal by electronic benefit transfer.**

## Lesser Included Offenses

No lesser included offenses have been identified for this offense.

## Comment

This instruction was adopted in 1981 and amended in 2015.

**20.8 WELFARE FRAUD — ADMINISTRATOR FAILURE
TO DISCLOSE**
§ 414.39(3)(a), Fla._Stat.

To prove the crime of **Welfare Fraud — Administrator Failure to Disclose**, the State must prove the following three elements beyond a reasonable doubt:

1. (Defendant) **had duties [in the administration of a state or federally funded assistance program] [in the distribution of state or federally funded public assistance] [or] [in the authorizations or identifications of those to obtain public assistance under a state or federally funded public assistance program].**

2. [He] [She] (Defendant) **knew that someone had misappropriated, attempted to misappropriate, or aided or abetted another in the misappropriation of [food assistance], [an authorization for food assistance], or [an food assistance identification card] for assistance, [a certificate of eligibility for prescribed medicine] [a Medicaid identification card] [public assistance from any state or federally funded program].**

3. [He] [She] (Defendant) **failed to disclose this fraudulent activity.**

*§ 414.39(5), Fla. Stat.*
**If you find** (Defendant) **guilty of Welfare Fraud, you must also determine if the State proved beyond a reasonable doubt whether the value of the public assistance or identification wrongfully [received] [retained] [misappropriated] [sought] [used] was:**

a. **less than an aggregate value of $200 in any 12 consecutive months.**

b. **an aggregate value of $200 or more, but less than $20,000 in any 12 consecutive months.**

c. **an aggregate value of $20,000 or more, but less than $100,000 in any 12 consecutive months.**

d. **100,000 or more in any 12 consecutive months.**

*§ 414.39(5)(e), Fla. Stat.*
**The value of a food assistance authorization benefit is the cash or exchange value unlawfully obtained by the fraudulent act.**

*Definitions. Give as applicable.*
**"Fraudulently" means purposely or intentionally suppressing the truth and/or perpetrating a deception.**

*§ 414.39(5)(f), Fla. Stat.*
**"Fraud" includes the introduction of fraudulent records into a computer system, the unauthorized use of computer facilities, the intentional or deliberate alteration or destruction of computerized information or files, and the stealing of financial instruments, data, and other assets.**

**"Aid or abet" means help, assist or facilitate.**

**An "attempt" to commit a crime is the formation of an intent to commit that crime and the doing of some act toward the commission of the crime other than mere preparation to commit the crime.**

*~~Defense.~~ Give if applicable. § 414.39(7), Fla. Stat.*
**It is not a defense that the defendant repaid the assistance or services obtained [or returned the authorization or identification wrongfully obtained].**

*Inferences. Give as applicable.*
*§ 414.39(8)(a), Fla. Stat.*
**You may conclude that** (defendant) **did receive public assistance from the state if you find that there was a paid state warrant made to the order of the defendant.**

*§ 414.39(8)(b), Fla. Stat.*
**You may conclude that an identified recipient received public assistance from the state if you find that a transaction history generated by a Personal Identification Number (PIN) established a purchase or withdrawal by electronic benefit transfer.**

## Lesser Included Offenses

No lesser included offenses have been identified for this offense.

**Comment**

This instruction was adopted in 1981 and amended in 2015.

## 20.9 WELFARE FRAUD — RECEIVING UNAUTHORIZED PAYMENTS
§ 414.39(4)(c), Fla._Stat.

To prove the crime of **Welfare Fraud — Receiving Unauthorized Payments,** the State must prove the following element beyond a reasonable doubt:

(Defendant) **knowingly received, attempted to receive, or aided and abetted in the receipt of unauthorized payment**s for services to a recipient of benefits **or other unauthorized public assistance or authorization or identification to obtain public assistance under** a **any state or federally funded assistance program.**

*§ 414.39(5), Fla. Stat.*
**If you find** (Defendant) **guilty of Welfare Fraud, you must also determine if the State proved beyond a reasonable doubt whether the value of the public assistance or identification wrongfully [received] [retained] [misappropriated] [sought] [used] was:**

a.      **less than an aggregate value of $200 in any 12 consecutive months.**

b.      **an aggregate value of $200 or more, but less than $20,000 in any 12 consecutive months.**

c.      **an aggregate value of $20,000 or more, but less than $100,000 in any 12 consecutive months.**

d.      **$100,000 or more in any 12 consecutive months.**

*§ 414.39(5)(e), Fla. Stat.*
**The value of a food assistance authorization benefit is the cash or exchange value unlawfully obtained by the fraudulent act.**

*Definitions. Give as applicable.*
**"Aid or abet" means help, assist, or facilitate.**

An **"attempt" to commit a crime is the formation of an intent to commit that crime and the doing of some act toward the commission of the crime other than mere preparation to commit the crime.**

**"Knowingly" means with actual knowledge and understanding of the facts or the truth.**

*Optional Definition*
**"Knowingly" means an act done voluntarily and intentionally and not because of mistake or accident or other innocent reason.** (Devitt & Blackmar — Federal Jury Practice and Instructions, Sec. 16.07)

*Give if applicable. § 414.39(7), Fla. Stat.*
**It is not a defense that the defendant repaid the assistance or services obtained [or returned the authorization or identification wrongfully obtained].**

*Inferences. Give as applicable.*
*§ 414.39(8)(a), Fla. Stat.*
**You may conclude that** (defendant) **did receive public assistance from the state if you find that there was a paid state warrant made to the order of the defendant.**

*§ 414.39(8)(b), Fla. Stat.*
**You may conclude that an identified recipient received public assistance from the state if you find that a transaction history generated by a Personal Identification Number (PIN) established a purchase or withdrawal by electronic benefit transfer.**

## Lesser Included Offenses

No lesser included offenses have been identified for this offense.

## Comment

This instruction was adopted in 1981 and amended in 2015.

## 20.10 WELFARE FRAUD — FILING WITHOUT CREDITING
§ 414.39(4)(e̶b̲), Fla._Stat.

**To prove the crime of Welfare Fraud — Filing Without Crediting, the State must prove the following element beyond a reasonable doubt:**

(Defendant) **knowingly filed a claim for services to a recipient of benefits under a state or federally funded assistance program without crediting the state or its agents for payments received from social security, insurance, or other sources.**

*§ 414.39(5), Fla. Stat.*
**If you find** (Defendant) **guilty of Welfare Fraud, you must also determine if the State proved beyond a reasonable doubt whether the value of the public assistance wrongfully [received] [retained] [misappropriated] [sought] [used] was:**

    **a.**     **less than an aggregate value of $200 in any 12 consecutive months.**

    **b.**     **an aggregate value of $200 or more, but less than $20,000 in any 12 consecutive months.**

    **c.**     **an aggregate value of $20,000 or more, but less than $100,000 in any 12 consecutive months.**

    **d.**     **$100,000 or more in any 12 consecutive months.**

*§ 414.39(5)(e), Fla. Stat.*
**The value of a food assistance authorization benefit is the cash or exchange value unlawfully obtained by the fraudulent act.**

*Definitions. Give as applicable.*
**"Knowingly" means with actual knowledge and understanding of the facts or the truth.**

*Optional Definition*
**"Knowingly" means an act done voluntarily and intentionally and not because of mistake or accident or other innocent reason.** (Devitt & Blackmar — Federal Jury Practice and Instructions, Sec. 16.07)

*Repayment not a defense. § 414.39(7), Fla. Stat.*
**It is not a defense that the defendant repaid the assistance or services obtained.**

*Inferences. Give as applicable.*
*§ 414.39(8)(a), Fla. Stat.*
**You may conclude that** (defendant) **did receive public assistance from the state if you find that there was a paid state warrant made to the order of the defendant.**

*§ 414.39(8)(b), Fla. Stat.*
**You may conclude that an identified recipient received public assistance from the state if you find that a transaction history generated by a Personal Identification Number (PIN) established a purchase or withdrawal by electronic benefit transfer.**

## Lesser Included Offenses

No lesser included offenses have been identified for this offense.

## Comment

This instruction was adopted in 1981 and amended in 2015.

## 20.11 WELFARE FRAUD — BILLING IN EXCESS
§ 414.39(4)(a), Fla. Stat.

**To prove the crime of Welfare Fraud — Billing in Excess, the State must prove the following element beyond a reasonable doubt:**

(Defendant) **knowingly billed the recipient of benefits under a state or federally funded assistance program, or [his] [her] family, for an amount in excess of that provided for by law or regulation.**

*§ 414.39(5), Fla. Stat.*
**If you find** (Defendant) **guilty of Welfare Fraud, you must also determine if the State proved beyond a reasonable doubt whether the amount wrongfully billed was:**

**a.     less than $200 in any 12 consecutive months.**

**b.     $200 or more, but less than $20,000 in any 12 consecutive months.**

**c.     $20,000 or more, but less than $100,000 in any 12 consecutive months.**

**d.     $100,000 or more in any 12 consecutive months.**

*Definition.*
**"Knowingly" means with actual knowledge and understanding of the facts or the truth.**

*Optional Definition*
**"Knowingly" means an act done voluntarily and intentionally and not because of mistake or accident or other innocent reason.** (Devitt & Blackmar — Federal Jury Practice and Instructions, Sec. 16.07)

*Give if applicable. § 414.39(7), Fla. Stat.*
**It is not a defense that the defendant repaid assistance or services obtained.**

## Lesser Included Offenses

No lesser included offenses have been identified for this offense.

## Comment

This instruction was adopted in 1981 and amended in 2015.

# 20.12 WELFARE FRAUD — FILING FOR SERVICES NOT RENDERED
§ 414.39(4)(a), Fla._Stat.

**To prove the crime of Welfare Fraud — Filing for Services not Rendered, the State must prove the following two elements beyond a reasonable doubt:**

1.    (Defendant) **knowingly filed, attempted to file, or aided and abetted in filing a claim for services to a recipient of benefits under a state or federally funded assistance program.**

2.    **The claim was for services which were false, not rendered, or for unauthorized items or services.**

*§ 414.39(5), Fla. Stat.*
**If you find** (Defendant) **guilty of Welfare Fraud, you must also determine if the State proved beyond a reasonable doubt whether the value of the public assistance wrongfully [received] [retained] [misappropriated] [sought] [used] was:**

a.    **less than an aggregate value of $200 in any 12 consecutive months.**

b.    **an aggregate value of $200 or more, but less than $20,000 in any 12 consecutive months.**

c.    **an aggregate value of $20,000 or more, but less than $100,000 in any 12 consecutive months.**

d.    **$100,000 or more in any 12 consecutive months.**

*§ 414.39(5)(e), Fla. Stat.*
**The value of a food assistance authorization benefit is the cash or exchange value unlawfully obtained by the fraudulent act.**

*Definitions. Give as applicable.*
**"Aid or abet" means help, assist or facilitate.**

An "attempt" to commit a crime is the formation of an intent to commit that crime and the doing of some act toward the commission of the crime other than mere preparation to commit the crime.

"Knowingly" means with actual knowledge and understanding of the facts or the truth.

*Optional Definition*
"Knowingly" means an act done voluntarily and intentionally and not because of mistake or accident or other innocent reason. (Devitt & Blackmar — Federal Jury Practice and Instructions, Sec. 16.07)

*Give if applicable. § 414.39(7), Fla. Stat.*
It is not a defense that the defendant repaid the assistance or services obtained.

*Inferences. Give as applicable.*
*§ 414.39(8)(a), Fla. Stat.*
You may conclude that (defendant) did receive public assistance from the state if you find that there was a paid state warrant made to the order of the defendant.

*§ 414.39(8)(b), Fla. Stat.*
You may conclude that an identified recipient received public assistance from the state if you find that a transaction history generated by a Personal Identification Number (PIN) established a purchase or withdrawal by electronic benefit transfer.

## Lesser Included Offenses

No lesser included offenses have been identified for this offense.

## Comment

This instruction was adopted in 1981 and amended in 2015.

## 22.16 [SETTING UP] [PROMOTING] [PLAYING AT] A GAME OF CHANCE FOR MONEY, THING OF VALUE, OR UNDER THE PRETEXT OF A SALE, GIFT, OR DELIVERY
### § 849.11, Fla. Stat.

**To prove the crime of [Setting Up] [Promoting] [Playing at] a Game of Chance For Money, Thing of Value, or Under the Pretext of a Sale, Gift or Delivery, the State must prove following three elements beyond a reasonable doubt:**

1. (Defendant) **[set up] [promoted] [played at] a game of chance.**

2. (Defendant) **did so [by lot] [with [dice] [cards] [numbers] [hazards] [any gambling device]].**

*Give 3a and/or 3b as applicable.*
3. (Defendant) **did so:**

   a. **for the disposal of money or other thing of value; or**

   b. **[under the pretext of a sale, gift, or delivery] [or] [for any right, share, or interest thereof].**

### Lesser Included Offenses

| [SETTING UP] [PROMOTING] [PLAYING AT] A GAME OF CHANCE FOR MONEY, THING OF VALUE, OR UNDER THE PRETEXT OF A SALE, GIFT, OR DELIVERY — 849.11 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04 | 5.1 |

### Comment

This instruction was adopted in 2015.