# Supreme Court of Florida

_____

No. SC16-1184
_____

**IN RE: STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
REPORT 2016-05.**

[February 9, 2017]

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal

Cases (Committee) has submitted proposed changes to the standard jury

instructions and asks that the Court authorize for publication and use the amended

and newly adopted standard instructions. We have jurisdiction. See art. V, § 2(a),

Fla. Const.

The Committee proposes amending existing standard instruction 20.6

(Welfare Fraud—[Food Assistance Identification Card] [Authorization]

[Certificate of Eligibility for Medical Services] [Medicaid Identification Card]) and

adopting new jury instruction 20.6(a) (Welfare Fraud—[Selling] [Attempting to

Sell] an EBT[1] Card).[2] No comments were received by the Committee. The Court

did not publish the proposals after they were filed. The more significant

amendments to the instructions are discussed below.

One amendment to instruction 20.6 is based upon section 414.39(2), Florida

Statutes (2016), as amended by chapter 2016-185, section 1, Laws of Florida.

There, the Legislature added the definition of "traffic" in new subsection (2)(b),

which is included in the amended instruction. Also added to instruction 20.6 is the

definition of an "EBT card." Although an "EBT card" is not included in the

---

1. "EBT" stands for "electronic benefits transfer."

2. In Report 2016-05 filed on July 6, 2016, the Committee originally proposed amendments to instructions 19.1-19.7, which pertain to bribery-related offenses, as well as to the two welfare fraud instructions at issue in this opinion. On August 26, 2016, the Court severed instructions 19.1-19.7 from the instant case because those instructions relied upon a district court of appeal decision in which the Court previously had accepted jurisdiction. See Czajkowski v. State, 178 So. 2d 498 (Fla. 4th DCA 2015), review granted, No. SC15-2313 (Fla. Mar. 24, 2016), review discharged, 202 So. 3d 40 (Fla. 2016). As requested in the severance order, In re Std. Jury Instr. in Crim. Cases, No. SC16-1184 (Fla. Aug. 26, 2016) (order), the Committee filed an amended report and appendix pertaining solely to instructions 20.6 and 20.6(a), on August 31, 2016. However, the Committee changed its proposal to new instruction 20.6(a), by removing the recidivism enhancement instruction and changing its paragraph under the Comments section to provide that "it is unclear whether the existence of a prior violation will be treated as an element of the crime that must be found by the jury in a bifurcated proceeding, see State v. Harbaugh, 754 So. 2d 691 (Fla. 2000), or whether a prior violation can be proven to the judge at sentencing." Instructions 19.1-19.7 are now the subject of In re Standard Jury Instructions in Criminal Cases—Report 2016-10, No. SC16-1884 (Fla. petition filed Oct. 18, 2016).

elements of the offense of fraud under section 414.39(2)(a), it is included in a portion of the definition of "traffic."

Newly adopted instruction 20.6(a) also derives from another amendment to section 414.39(2) by the 2016 Legislature, which added a new subdivision (c) defining a distinct offense of fraud. In pertinent part, instruction 20.6(a) includes the elements constituting the offense, which pertains to the defendant's possession of two or more EBT cards issued to others, and the definitions for "EBT card," "possess," and "attempt." In addition, as originally proposed by the Committee, see supra, note 2, the Court includes in the instruction the recidivism enhancement provision from section 414.39(2)(c), as well as the paragraph in the Comments section that instructs judges that the jury should not be advised of any charge of prior convictions until after the defendant was convicted of the original charge, and in that case, a bifurcated proceeding should be conducted to determine if the defendant is subject to the recidivism enhancement.

Having considered the Committee's original and amended reports, jury instructions 20.6, as proposed by the Committee, and 20.6(a), as originally proposed and as set forth in the appendix to this opinion, are hereby authorized for publication and use.[3] New language is indicated by underlining, and deleted

3. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org /jury_instructions/instructions.shtml. We recognize that there may be minor

language is indicated by struck-through type. In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. The instructions as set forth in the appendix shall be effective when this opinion is final.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, and POLSTON, JJ., concur.
LAWSON, J., did not participate.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge Frederic Rand Wallis, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Daytona Beach, Florida; and Barton Neil Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

---

discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

for Petitioner

## 20.6 WELFARE FRAUD — [FOOD ASSISTANCE IDENTIFICATION CARD] [AUTHORIZATION] [CERTIFICATE OF ELIGIBILITY FOR MEDICAL SERVICES] [MEDICAID IDENTIFICATION CARD]
§ 414.39(2), Fla. Stat.

**To prove the crime of Welfare Fraud — [Food Assistance Identification Card] [Authorization] [Certificate of Eligibility for Medical Services] [Medicaid Identification Card], the State must prove the following two elements beyond a reasonable doubt:**

*Give 1a, 1b, and/or 1c as applicable.*
1. ~~The defendant~~(Defendant) **knowingly:**

   a. **used, transferred, acquired, trafficked, altered, forged or possessed**

   b. **attempted to use, transfer, acquire, traffic, alter, forge, or possess**

   c. **aided and abetted another person in the use, transfer, acquisition, traffic, alteration, forgery or possession of [a food assistance identification card] [an authorization for the expenditure of food assistance benefits] [a certificate of eligibility for medical services] [a Medicaid identification card].**

2. **The use, transfer, acquisition, traffic, alteration, forgery, or possession was not authorized by law.**

**The law requires** *(insert the appropriate law pertaining to the relevant item)***.**

*§ 414.39(5), Fla. Stat.*
**If you find** (Defendant) **guilty of Welfare Fraud, you must also determine if the State proved beyond a reasonable doubt whether the value of the public assistance or identification wrongfully [received] [retained] [misappropriated] [sought] [used] was:**

> **a.** less than an aggregate value of $200 in any 12 consecutive months.
>
> **b.** an aggregate value of $200 or more, but less than $20,000 in any 12 consecutive months.
>
> **c.** an aggregate value of $20,000 or more, but less than $100,000 in any 12 consecutive months.
>
> **d.** $100,000 or more in any 12 consecutive months.

*§ 414.39(5)(e), Fla. Stat.*
**The value of a food assistance authorization benefit is the cash or exchange value unlawfully obtained by the fraudulent act.**

*Definitions. Give as applicable.*
**"Aid or abet" means help, assist, or facilitate.**

*§ 414.39(2)(b)*
**"Traffic" means ~~trade, sell, or exchange.~~**

> **1.** **Buying, selling, stealing, or otherwise effecting an exchange of food assistance benefits issued and accessed via electronic benefits transfer (EBT) cards, electronic benefits transfer (EBT) card numbers and personal identification numbers (PINs), or by manual voucher and signature, for cash or consideration other than eligible food, either directly, indirectly, in complicity or collusion with others, or acting alone;**
>
> **2.** **Attempting to buy, sell, steal, or otherwise effect an exchange of food assistance benefits issued and accessed via electronic benefits transfer (EBT) cards, electronic benefits transfer (EBT) card numbers and personal identification numbers (PINs), or by manual voucher and signature, for cash or consideration other than eligible food, either directly, indirectly, in complicity or collusion with others, or acting alone;**
>
> **3.** **Exchanging firearms, ammunition, explosives, or controlled substances for food assistance benefits;**

**4.      Purchasing with food assistance benefits a product with the intent of obtaining cash or consideration other than eligible food by reselling the product, and subsequently intentionally reselling the product purchased with food assistance benefits in exchange for cash or consideration other than eligible food; or**

**5.      Intentionally purchasing products originally purchased with food assistance benefits in exchange for cash or consideration other than eligible food.**

An "attempt" to commit a crime is the formation of an intent to commit that crime and the doing of some act toward the commission of the crime other than mere preparation to commit the crime.

"Knowingly" means with actual knowledge and understanding of the facts or the truth.

 **An "EBT card" is issued by the Department of Children and Families or its agent to obtain food assistance benefits payments or temporary case assistance payments, including refugee cash assistance payments, asylum applicant payments, and child support disregard payments from the Department.**

*Optional Definition*
**"Knowingly" means an act done voluntarily and intentionally and not because of mistake or accident or other innocent reason.** (Devitt & Blackmar – Federal Jury Practice and Instructions, Sec. 16.07)

*Give if applicable. § 414.39(7), Fla. Stat.*
**It is not a defense that the defendant repaid the assistance or services obtained [or returned the authorization or identification wrongfully obtained].**

*Inferences. Give as applicable.*
*§ 414.39(8)(a), Fla. Stat.*
**You may conclude that** (defendant) **did receive public assistance from the state if you find that there was a paid state warrant made to the order of the defendant.**

*§ 414.39(8)(b), Fla. Stat.*

**You may conclude that an identified recipient received public assistance from the state if you find that a transaction history generated by a Personal Identification Number (PIN) established a purchase or withdrawal by electronic benefit transfer.**

## Lesser Included Offenses

No lesser included offenses have been identified for this offense.

## Comment

This instruction was adopted in 1981 and amended in 2015 [175 So. 3d 782] and 2017.

## 20.6(a) WELFARE FRAUD — [SELLING] [ATTEMPTING TO SELL] AN EBT CARD
§ 414.39(2)(c), Fla. Stat.

**To prove the crime of Welfare Fraud — [Selling] [Attempting to Sell] an EBT card, the State must prove the following three elements beyond a reasonable doubt:**

1. (Defendant) **possessed two or more electronic benefits transfer (EBT) cards.**

2. **The EBT cards were issued to someone other than** (defendant)**.**

3. (Defendant) **[sold] [attempted to sell] one or more of these EBT cards.**

*Definitions.*
**An "EBT card" is issued by the Department of Children and Families or its agent to obtain food assistance benefits payments or temporary case assistance payments, including refugee cash assistance payments, asylum applicant payments, and child support disregard payments from the Department.**

**To "possess" an EBT card means the defendant was aware of the presence of the EBT card and exercised control over the EBT card.**

*Give if applicable.*
**An "attempt" to commit a crime is the formation of an intent to commit that crime and the doing of some act toward the commission of the crime other than mere preparation to commit the crime.**

*Enhancement. Give if applicable if the jury finds the defendant guilty of Welfare Fraud — [Selling] [Attempting to Sell] an EBT card. § 414.39(2)(c), Fla. Stat.*
**Now that you have found the defendant guilty of Welfare Fraud — [Selling] [Attempting to Sell] an EBT card, you must further determine whether the State has proven beyond a reasonable doubt that the defendant was previously convicted of the same crime.**

**"Conviction" means a determination of guilt which is the result of a plea or a trial, regardless of whether adjudication is withheld or a plea of nolo contendere is entered.**

## Lesser Included Offenses

No lesser included offenses have been identified for this offense.

## Comments

If a party requests a more complete instruction on the concept of possession, the trial judge can insert language from Instruction 25.7 (Possession of a Controlled Substance).

This instruction can be used for Welfare Fraud — [Selling] [Attempting to Sell] an EBT Card based on a prior conviction. For Felony Welfare Fraud — [Selling] [Attempting to Sell] an EBT Card based on a prior conviction, it is error to inform the jury of prior convictions until the verdict on the underlying Welfare Fraud — [Selling] [Attempting to Sell] an EBT Card is rendered. Therefore, if the information or indictment contains an allegation of a prior Welfare Fraud — [Selling] [Attempting to Sell] an EBT Card conviction, do not read that allegation and do not send the information or indictment into the jury room. If the defendant is found guilty of Welfare Fraud — [Selling] [Attempting to Sell] an EBT Card, the historical fact of prior convictions shall be determined separately by the jury in a bifurcated proceeding. *See State v. Harbaugh, 754 So. 2d 691 (Fla. 2000).*

<u>This instruction was adopted in 2017.</u>